CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 12 2008

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| HENRY CHRISTIAN OLSON, <br> Petitioner, | Civil Action No. 7:08-cv-00582 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR, <br> Respondent. | By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Henry Christian Olsen, a Virginia inmate proceeding pro se, has submitted a pleading that he styles as a "MOTION TO VACATE FINAL JUDGMENT OF CONVICTION PURSUANT TO RULE 60(B)." After review of petitioner's claims and the record, the court construes his submission as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, that must be dismissed as successive.

Olsen challenges the validity of his confinement under convictions obtained against him in 1997 in the Circuit Court of Nelson County on several charges related to sexual assault of two young boys whom he had befriended. After pursuing state court appeals and habeas relief, Olsen filed a § 2254 petition in this court, Case No. 7:01CV00310, which was dismissed; the United States Court of Appeals for the Fourth Circuit denied his request for certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari. He then pursued "numerous petitions" in the state courts, seeking to vacate his convictions because they were "obtained by fraud." All of these petitions were denied. In the current petition, Olsen argues that this court should grant him relief from the Nelson County convictions under Fed. R. Civ. P. 60(b)(3), because the prosecution obtained his convictions through the knowing use of the perjured testimony of the victims. Olsen himself testified that he had never had any sexual contact with them.

Rule 60(b)(3) allows a litigant to move for relief from a final judgment in his civil action upon proof of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." A motion under Fed. R. Civ. P. 60(b) to revisit a federal court's denial of habeas relief should be dismissed as a successive habeas petition so as to prevent petitioners from using such a motion to circumvent the rule against successive petitions. See

Gonzales v. Crosby, 125 S. Ct. 2641, 2649 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Although Olsen had a prior habeas action in this court, pursuant to § 2254, he did not file this Rule 60(b) petition in his previous federal habeas action, but rather, presents it as an independent petition. However, the Federal Rules of Civil Procedure, including Rule 60(b), "govern the procedure in the United States district courts in all suits of a civil nature." See Rule 1 (emphasis added). The court finds no basis upon which Rule 60(b) could provide the court authority to grant relief from judgment in a criminal case. See, e.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that Federal Rules of Civil Procedure do not provide vehicle by which defendant may challenge his criminal judgment). Therefore, Olsen may not obtain relief from his conviction under the authority on which he relies.

Olsen's claims regarding use of perjured testimony are appropriately raised in habeas proceedings under § 2254 after exhaustion in state court proceedings, and the court construed his current petition accordingly. However, as discussed, Olsen previously filed a § 2254 petition concerning the same convictions. Thus, the petitioner's petition is a subsequent § 2254 action, falling under the prohibition against second or successive petition in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because the petitioner has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive.* An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may

---

*A Fourth Circuit form and instructions for filing a request for certification to file a subsequent petition are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of judgment, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This _____ day of December, 2008.

_____
Senior United States District Judge